UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL RUSSELL,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Case No. 14-cv-4683
　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)　　Judge John W. Darrah
SHERIFF TOM DART, *et al.*,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　Defendants.　　　　　　 )

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Russell filed a Complaint against Defendants Sheriff Tom Dart and three John Does, asserting various violations of 42 U.S.C. § 1983, stemming from the Defendants' alleged failure to protect Plaintiff from another inmate who stabbed Plaintiff on March 13, 2014. Defendants filed a Motion to Dismiss under Federal Rule of Procedure 12(c) or Motion for Summary Judgment on all counts. For the reasons set forth more fully below, Defendants' Motion for Summary Judgment is granted.

## **LOCAL RULE 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* Local Rule 56.1(b)(3)(C) permits the nonmovant to submit "any additional facts that require the denial of summary judgment. . . ." To overcome summary judgment, "the nonmoving party must file a response to each numbered paragraph in the moving party's statement." *Schrott v.*

*Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Id.* A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to the specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). If the nonmovant's response only provides extraneous or argumentative information, the response will fail to constitute a proper denial of the fact, and the fact will be admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005). Legal conclusions or otherwise unsupported statements, including those that rely upon inadmissible hearsay, will be disregarded. *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997).

If the responding party fails to comply with Rule 56.1, its "additional facts may be ignored, and the properly supported facts asserted in the moving party's submissions are deemed admitted." *Gbur v. City of Harvey, Illinois*, 835 F. Supp. 2d 600, 606-07 (N.D. Ill. 2011). Substantial compliance is not enough; parties must strictly comply with the rule. *See Ammons*, 368 F.3d at 817.

**BACKGROUND**

The following facts are taken from the parties' statements of undisputed material facts submitted in accordance with Local Rule 56.1.

Russell is a pretrial detainee of the Cook County Department of Corrections ("CCDC") and has been incarcerated there for all times relevant to this matter. (Dkt. 14, ¶ 1.) During Russell's detention at the CCDC, another inmate, "Detainee A," threatened to stab Russell in the eye. (*Id.* at ¶ 7.) On or about February 23, 2014, Russell filed a grievance with the CCDC, detailing the threats made by Detainee A. (*Id.* at ¶ 10.) On March 13, 2014, Detainee A stabbed

Russell just above the eye while Russell was talking through the chuck hole of his cell door. (*Id.* at ¶ 15.)

Russell previously filed and settled an unrelated lawsuit against the Defendants, *Russell v. Dart, et al.* 1:11-CV-7694 ("*Russell I*"). (Dkt. 28, p. 2.) Plaintiff's counsel in *Russell I* received a draft of the Stipulation for Compromise Settlement on February 27, 2014 (the "Settlement Agreement"). (Def. 56.1(a), ¶ 9.) The Settlement Agreement provided that Russell agreed to release all claims against the Defendants "within the two year period prior to the execution date of" the agreement. (Dkt. 28 at p. 4.) On February 28, 2014, at 9:30AM, the parties called the Court and indicated that they had settled *Russell I*. (Def. SOF. ¶ 10) On March 11, 2014, attorneys for the Defendants exchanged three emails discussing the ongoing status of the *Russell I* settlement. (Def. 56.1(a), ¶ 11.) Russell eventually signed the Settlement Agreement and dated it February 21, 2014 in two places. (Dkt. 28 at p. 4; Def. 56.1(a), ¶ 18.) Defendants, however, did not receive the signed agreement until March 19, 2014. (Def. 56.1(a), ¶ 13.)

Defendants filed their Motion to Dismiss Under Federal Rule of Procedure 12(c) or Motion for Summary Judgment and attached their statement of material facts. The majority of those facts were stipulated and agreed to by the parties. Russell filed a response to Defendants' Motion but failed to present his own statement of material facts or dispute the Defendants' material facts that were not stipulated to by the parties.

**LEGAL STANDARD**

Summary judgment will be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts are required to view all facts and make reasonable inferences "in the light

3

most favorable to" the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute of material facts exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To overcome a motion for summary judgment "[t]he nonmoving party must point to specific facts showing that there is a genuine issue for trial." *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009). The nonmovant must show "that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Ind.*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson*, 477 U.S. at 248).

"A party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "It is reasonable to assume that just as a district court is not required to 'scour the record looking for factual disputes,' . . . it is not required to scour the party's various submissions to piece together appropriate arguments. A court need not make the lawyer's case." *Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (citing *Anderson v. Liberty Lobby*, 477 U.S. 252, 248-49 (1986)).

## ANALYSIS

In their Motion, Defendants contend that the earliest *Russell I's* Settlement Agreement could have been executed was March 19, 2014. (Dkt. 26, ¶ 4.) In support, Defendants attached copies of emails between attorneys who represented the Defendants in *Russell I*. (*See* Def. 56.1(a), Exh. B.) The March 11, 2014 emails indicated that the Defendants had not received any redline changes made to the Settlement Agreement by that date. Defendants also attach a

4

February 27, 2014 email from their attorney to Plaintiff's attorney that contained a draft of the Settlement Agreement. (Def. 56.1(a), ¶ 9.) Russell contends that the Settlement Agreement execution date should be February 21, 2014, because that is the date he signed. (Def. 56.1(a), ¶ 13.) But Defendants did not receive the signed Settlement Agreement until March 19, 2014. (*Id*. at ¶ 18.)

Pursuant to Local Rule 56.1, Russell was required to refute the Defendant's statements through his own statement of asserted material facts and supporting exhibits. *Ammons*, 368 F.3d at 817. Russell cannot satisfy Rule 56.1 by merely disagreeing with the Defendant's assertions; rather, he is required to "reference specific supporting material." *Lamz*, 321 F.3d at 683. Specifically, in contesting Defendants' asserted March 11, 2014 settlement execution date, Russell did not make reference to any affidavits, parts of the record, or any other supporting materials showing the Settlement Agreement was executed on February 21, 2014, aside from the agreement itself. *Schrott,* 403 F.3d at 944. Mere disagreement is not enough unless supported by reference to "specific supporting material." *Lamz,* 321 F.3d at 683.

"A release is a contract wherein a party relinquishes a claim to a person against whom the claim exists, and a release is subject to the rules governing the construction of contracts." *Carona v. Ill. Cent. Gulf R. Co.*, 561 N.E.2d 239, 242 (Ill. App. Ct. 1990). "When construing the date upon which a legal instrument was executed, the date on the instrument is generally considered *prima facie* evidence of the date of execution." *In re Estate of Elias*, 946 N.E.2d 1015, 1031 (2011) (citing *Sterdjevich v. RMK Management Corp.*, 796 N.E.2d 1146, 1158 (Ill. App. Ct. 2003)). However, this *prima facie* evidence is rebutted by the impossibility of the Plaintiff signing the Settlement Agreement on February 21, 2014, as it was not sent until February 27.

5

"Ordinarily one of the acts forming part of the execution of a written contract is the signing of it." *Lynge v. Kunstmann*, 418 N.E.2d 1140, 1144 (Ill. App. Ct. 1981). But in order for a contract "to come into being there must be mutual assent between all of the parties," and generally "it is the objective manifestation of intent that controls whether a contract has been formed." *Urban Sites of Chicago, LLC v. Crown Castle USA*, 979 N.E.2d 480, 496 (Ill. App. Ct. 2012). A proposed agreement is not accepted, "until the offeree notifies the offeror of the acceptance or at least employs reasonable diligence in attempting to do so." *Sementa v. Tylman*, 595 N.E.2d 688, 692 (Ill. App. Ct. 1992) (citing Restatement (Second) of Contracts § 56 (1981); *Rothenbuecher v. Tockstein*, 411 N.E.2d 92, 94 (Ill. App. Ct. 1980); *City of Chicago v. Northwestern Mutual Life Insurance Co.*, 120 Ill.App. 497, 499 (Ill. App. Ct. 1905)). In *Sementa*, the Illinois Appellate Court found that Defendant did not accept a proposed settlement agreement by merely signing it. *Sementa*, 595 N.E.2d at 692. No contract was formed because defendant did not convey his acceptance of the proposed agreement. *Id.* Similarly, Plaintiff in this case did not execute the agreement by merely signing it, but by signing it and conveying his acceptance to the Defendants on March 19, 2014. Plaintiff's acceptance was not operative until March 19, 2014.

Therefore, the effective date of the Settlement Agreement must have been the date of delivery to Defendants, March 19, 2014. By its plain language, *Russell I's* Settlement Agreement barred any disputes arising within the two years prior to its execution date. Therefore, the Settlement Agreement would cover the claim if it arose when he was stabbed on March 13, 2014, or when he filed his first grievance with the CCDC on February 23, 2014. This claim is within the Settlement Agreement's covered two year timeframe and is therefore barred.

Plaintiff implies that by accepting the Settlement Agreement with the effective date of February 21, 2014, written on the face of the document, the Defendants accepted a counter offer from the Plaintiff. "A purported acceptance that contains different or additional terms is not a valid acceptance, but is treated as a counter-offer." *Dawson v. Gen. Motors Corp.*, 977 F.2d 369, 374 (7th Cir. 1992). However, the Settlement Agreement itself states that it "cannot be modified or amended except by an instrument in writing, agreed to and signed by the parties." (Def. 56.1(a), Exh. D at ¶ 12.) Plaintiff presents no facts regarding a signed acceptance of the supposedly modified contract.

Plaintiff also argues that the Settlement Agreement does not release the Doe Defendants in the instant action. Defendants respond that the plain language of the Settlement Agreement contains a general release of Tom Dart, Cook County, and their agents and employees. "A release within a settlement agreement also is governed by contract law." *Daniels v. Rivers*, No. 14 C 1533, 2014 WL 6910492, at *5 (N.D. Ill. Dec. 9, 2014) (quoting *Cannon v. Burge*, 752 F.3d 1079, 1088 (7th Cir. 2014)).

The relevant portions of the Settlement Agreement are paragraphs four and six:

4. Plaintiff agrees to dismiss any and all claims against Defendants arising out of *Russell v. Dart*, 11 C 7614, N.D. Ill., as well as any claims against Cook County and Thomas Dart which occurred while Plaintiff was housed at Cook County Jail within the two-year period prior to the execution date of this Agreement. . . .

\* \* \*

6. Plaintiff, for himself, his heirs, and his personal representatives, fully and forever releases, acquits, and discharge[s] Defendants, and their agents, employers, and former employers, either in their official or individual capacities, from any and all actions, suits, debts, sums of money, accounts and all claims and demands of whatever nature, in law or in equity, including but not limited to any and all claims of Constitutional violations against Plaintiff, and/or any damaged or destroyed property, and any costs accrued arising out of Plaintiff's interactions with Cook County Sheriff Department Officers, and/or any other employees of the Cook County Department of Corrections, which is the subject of *Russell v.*

7

*Dart*, 11 C 7614, N.D. Ill., in the United States District Court for the Northern District of Illinois, Eastern Division, or any claim or suit which he, his heirs, assigns, and legal representatives, may heretofore or hereafter have had by reasons of said incidents, including but not limited to any and all claims for Constitutional violations against Plaintiff, state law claims, injunctive relief claims, and/or any damaged or destroyed property, as well as any such claims against Cook County which occurred while Plaintiff was housed in the Cook County Jail within the two year period prior to the execution date of the stipulation to dismiss (hereinafter collectively referred to as "Claims") and any costs accrued in connection with the Claims against all Defendants. **This agreement is a general release.**

(Def. 56.1(a), Exh. D at ¶¶ 4, 6.) Plaintiff clearly agreed to release Tom Dart from any claims arising within two years prior to the execution of the Settlement Agreement. See (*Id.* at ¶ 4.) Plaintiff also agreed to release "any and all claims . . . arising out of Plaintiff's interactions with Cook County Sheriff Department Officers, and/or any other employees of the Cook County Department of Corrections" as well as the claim "which is the subject of *Russell v. Dart*, 11 C 7614, N.D. Ill." (*Id.* at ¶ 6.) Additionally, paragraph six states that it is a general release. As Defendants argue, similar language has been found to release parties not explicitly named in other cases before this Court. *See Darvosh v. Lewis*, No. 13 C 04727, 2014 WL 4477363, at *4 (N.D. Ill. Sept. 5, 2014); *Daniels*, 2014 WL 6910492, at *6.

Because the Settlement Agreement precludes Plaintiff's claims in this case, and there is no genuine issue of material fact, Defendants' Motion for Summary Judgment is granted.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment [56] is granted. Judgment is entered in Defendants' favor, and the civil case is closed.

Date: _____March 26, 2015_____       _____
                                          JOHN W. DARRAH
                                          United States District Court Judge

8