UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIKE D. RUSSELL, ) | |
| ) | |
| Plaintiff, ) | Case No. 14-cv-4683 |
| v. ) | |
| ) | Judge John W. Darrah |
| THE COUNTY OF COOK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Michael Russell filed a Complaint against Sheriff Tom Dart and three John Does, asserting various violations of 42 U.S.C. § 1983, stemming from the Defendants' alleged failure to protect Plaintiff from a fellow detainee who stabbed him on March 13, 2014. Defendants filed a Motion for Summary Judgment that was granted on all counts. Plaintiff filed a Motion to Alter or Amend Judgment [39] pursuant to Federal Rule of Civil Procedure 59. That Motion [39] is denied.

## **BACKGROUND**

Russell is a pretrial detainee of the Cook County Department of Corrections ("CCDC") who filed a grievance on February 23, 2014, detailing threats made against him by another detainee. (Amend. Compl. ¶¶ 1, 10.) On March 13, 2014, that detainee stabbed him. (*Id.* ¶ 15.) Russell previously filed and settled an unrelated lawsuit against Defendants, *Russell v. Dart, et al.*, Case No. 11-CV-7964 ("*Russell I*"). (Dkt. 28, p. 2.) Plaintiff's counsel in *Russell I* received a draft for the Stipulation for Compromise Settlement on February 27, 2014 (the "Settlement Agreement"). (Def. 56.1(a) ¶ 9.) The Settlement Agreement provided that Russell agreed to release all claims against the Defendants "within the two year period prior to the execution date of the agreement." (Def. 56.1(a) Exh. D, ¶ 4.) On February, 28, 2014, at 9:30 a.m., the parties

called the court and indicated that they had settled *Russell I.* (Def. 56.1(a) ¶ 10.) On March 11, 2014, attorneys for the Defendants exchanged three emails, discussing the ongoing status of the *Russell I* settlement. (*Id.* ¶ 11.) Russell eventually signed the Settlement Agreement and dated it February 21, 2014, in two places. (*Id.* ¶ 18.) Defendants, however, did not receive the signed agreement until March 19, 2014. (*Id.* ¶ 13.)

Defendants filed a motion for summary judgment. The majority of their statement of material facts were stipulated and agreed to by the parties. Russell filed a response to Defendants' motion but failed to present his own statement of material facts or dispute the unstipulated facts. Defendants' motion was granted based on the impossibility of a February 21, 2014 execution date. (*See* Dkt. 37.) Russell then filed the present Motion.

## LEGAL STANDARD

"To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013).[1] A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted).

## ANALYSIS

Plaintiff contends that the court failed to recognize the Illinois Supreme Court's decision in *Air Safety, Inc. v. Teachers Realty Corp.*, 706 N.E.2d 882 (Ill. 1999). *Air Safety* held that

---

[1] Defendant does not claim that there has been newly discovered evidence in this case. Therefore, only the first factor will be evaluated.

facially unambiguous, integrated contracts must be interpreted solely through the language contained between the "four corners" of the contract. *Air Safety Inc.*, 706 N.E.2d at 884. Plaintiff argues that the four-corners rule was violated by admitting parol evidence regarding the dates when the Settlement Agreement was drafted and when it was received by Defendants. (*See* Pl's Mot. 2.)   Plaintiff contends that parol evidence should not have been considered because the Settlement Agreement contained an integration clause and the language of the contract was facially unambiguous. (Pl's Mot. 3.)

The Settlement Agreement does contain an integration clause. However, the execution date is facially ambiguous. A contract is ambiguous if it is susceptible to more than one reasonable meaning. See, *e.g.*, *Illinois State Bar Ass'n Mut. Ins. Co. v. Brooks, Adams & Tarulis*, 24 N.E.3d 237, 243 (Ill. App. Ct. 2014).   When a contract is ambiguous, "parol or extrinsic evidence may be considered to interpret the contract." *Regency Commercial Associates, LLC v. Lopax, Inc.*, 869 N.E.2d 310, 316 (Ill. App. Ct. 2007). Further, "an integration clause will not preclude the court's consideration of extrinsic evidence in the event the contract is ambiguous." *Gomez v. Bovis Lend Lease, Inc.*, 22 N.E.3d 1, 6 (Ill. App. Ct. 2013).

 The execution date of the Settlement Agreement is susceptible to more than one reasonable interpretation. Since Defendants did not sign or date the Settlement Agreement, it remains unclear when they executed it. (Def. 56.1(a) Exh. D, p.7.)  It is a reasonable interpretation that the execution date was the date signed by Plaintiff or the date Defendants received the signed Settlement. Based on this lingering ambiguity, *Air Safety Inc.* does not bar the use of extrinsic evidence in this case.

A printed execution date can be overcome by parol evidence. *D.C. v.*

3

*Camden Iron Works*, 181 U.S. 453, 461 (1901) ("It is well settled that . . . it may be averred and shown that a deed, bond, or other instrument was in fact made, executed, and delivered at a date subsequent to that stated on its face"); *Warner v. Warner*, 85 N.E. 630, 636 (Ill. 1908) ("[A] contract purporting to have been made on a given date affords *prima facie* evidence that it was executed on that date, and casts the burden on the party attacking the date of bringing forward the proof, in the first instance, to show a different date."); *Illinois Nat. Bank & Trust Co. v. Holme*s, 35 N.E.2d 823, 825 (Ill. App. Ct. 1941) ("It is well settled, however, that the actual date of the execution and delivery of a deed or instrument may be shown by parol testimony").

The uncontested facts on summary judgment illustrated that execution on February 21, 2014, was impossible. The parties stipulated that Plaintiff's counsel in *Russell I* received a draft of the Settlement Agreement on February 27, 2014. (Def. 56.1(a) ¶ 9.) The earliest the contract could have been executed was March 19, 2014, when the signed Settlement Agreement was delivered to the Defendants. *See* (Def. 56.1(a), Ex. B.) A proposed agreement is not accepted and, thus, cannot be executed "until the offeree notifies the offeror of the acceptance or at least employs reasonable diligence in attempting to do so." *Sementa v. Tylman*, 595 N.E.2d 688, 692 (Ill. App. Ct. 1992) (citing Restatement (Second) of Contracts § 56 (1981); *Rothenbuecher v. Tockstein*, 411 N.E.2d 92, 94 (Ill. App. Ct. 1980); *City of Chicago v. Northwestern Mutual Life Insurance Co.*, 120 Ill.App. 497, 499 (Ill. App. Ct. 1905)). Plaintiff did not provide any material showing the Settlement Agreement was fully executed on February 21, 2014, aside from the Agreement itself. (Dkt. 37, p. 5.)

Local Rule 56.1(b)(3) requires that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the

opposing party." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). The nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). Thus, the February 27 draft date and the March 19 return date were deemed admitted. By the uncontroverted facts, the February 21, 2014 execution date is impossible given that the first draft of the Settlement Agreement was not sent to Plaintiff until six days later. Plaintiff has not clearly established that the ruling on Defendants' Motion for Summary Judgment contained a manifest error of law or fact.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend or Alter Judgment [39] is denied. The civil case is closed.

Date: September 1, 2015

JOHN W. DARRAH
United States District Court Judge